Scott L. Mullins, OSB #142504
Mullins Law Office, LLC
1000 SW Broadway St., Suite 2300
Portland, Oregon 97205
Tel. 971-383-1315
Fax 503-525-4833
scott@slmullins.com

*Attorney for Defendant*

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF OREGON

## PORTLAND DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | **Case No. 3:24-cr-00235-AB-2** |
| **Plaintiff,** | **DEFENSE MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS COUNTS 1-3 AND 5 BASED ON ENTRAPMENT BY ESTOPPEL [ECF 67]** |
| **v.** | |
| **GEORGETA LUCESCU,** | |
| **Defendant.** | |

Defendant Georgeta Lucescu, by counsel, offers this Memorandum of Law in

support of the defendant's Motion to Dismiss Counts 1-3 and 5 Based on Entrapment

by Estoppel (ECF 67, "Motion")). Prior to submitting this Memorandum, counsel

conferred by phone with AUSAs Meredith Bateman and Ethan Bodell, and the

parties exchanged emails concerning the underlying legal issues (copying John Robb

**Page 1  Defendant's Memorandum of Law in Support of ECF 67**

as well, whose client joined the Motion.) The parties agreed that the Government's response deadline to the Motion should run from the date this Memorandum is filed. In the same communication, counsel advised the Government that an evidentiary hearing was requested to support the Motion.  At the end of this Memorandum, counsel makes a supplemental argument to distill the defense raised by the Motion.

I.      **Legal authority to consider information beyond the Superseding Indictment in determining Rule 12 motion based on entrapment by estoppel.**

"A party may raise by pretrial motion any defense, objection, or request that the court can determine without a trial on the merits." Fed. R. Crim. P. 12(b)(1). A defense is capable of determination "if trial of the facts surrounding the commission of the alleged offense would be of no assistance in determining the validity of the defense … [Rule 12] allows the District Court in its discretion to postpone determination of the motion to trial, and permits factual hearings prior to trial if necessary to resolve issues of fact peculiar to the motion." *United States v. Covington*, 395 U.S. 57, 609 (1969) (internal quotations removed); *United States v. Jensen*, 93 F.3d 667, 670 (9th Cir. 1996) (Fletcher, J. concurring) (citing to *Covington* and stating "there is no prohibition against the consideration of extrinsic evidence for purposes of a Rule 12(b) motion to dismiss."); *United States v. Shortt Accountancy Corp.*, 785 F.2d 1448, 1452 (9th Cir. 1986) ("a district court may make

**Page 2  Defendant's Memorandum of Law in Support of ECF 67**

preliminary findings of fact necessary to decide the questions of law presented by pre-trial motions so long as the court's findings on the motion do not invade the province of the ultimate finder of fact.") (internal quotation removed). Further support that limited fact finding *is* permitted by Rule 12 is evidenced by subsection (d) which provides, "[w]hen factual issues are involved in deciding the motion, the court must state its essential findings on the record."

The propriety of granting a motion to dismiss under Rule 12 "is by and large contingent upon whether the infirmity in the prosecution is essentially one of law or involves determinations of fact." *United States v. Flores*, 404 F.3d 320, 324 (5th Cir. 2005) (C.J. King) (brackets removed). Where "a question of law is involved, then consideration of the motion is generally proper." *Id*. Additionally, "a number of courts have recognized [that] a district may make preliminary findings of fact necessary to decide the questions of law presented by pretrial motions so long as the court's findings on the motion do not invade the province of the ultimate trier of fact." *Id*., at 325, note 6 (citations and quotation marks removed). In the Ninth Circuit, "[a] charge in a complaint may be dismissed if it is subject to a defense that may be decided solely on issues of law. *United States v. Loera*, 952 F. Supp. 2d 862, 865, 866 (D. Ariz. 2013) (citing to *Flores*, 404 F.3d at 324.); *United States v. Shoebridge*, 46 F. Supp. 3d 932, 933 (D. Ariz. 2014).

**Page 3  Defendant's Memorandum of Law in Support of ECF 67**

In deciding a motion based on entrapment by estoppel, "district courts may make preliminary findings of fact necessary to decide questions of law presented by pretrial motions so long as the trial court's conclusions do not invade the province of the ultimate finder of fact." *United States v. Levin*, 973 F.2d 463, 467 (6th Cir. 1992) (the trial court was not limited to the face of the indictment in ruling on the motion to dismiss because "Rule 12 vested the court with authority to determine issues of fact in such a manner as the court deems appropriate.")

In *Levin*, the 6th Circuit upheld the district court's dismissal of various Medicare fraud charges stemming from a bundling arrangement that was approved by the Health Care Financing Administration ("HCFA"). The appellate court concluded that even though the "defendants initiated no inquiry of their own concerning the legality of the sale campaign, it is apparent that HCFA approval of the 'bundling arrangement' was circulated throughout the targeted professional medical community by manufacturers' representatives and sales personnel." *Levin*, 973 F.2d at 465.

In upholding the dismissal, the 6th Circuit found it was appropriate for the district court to consider letters published by HCFA that were circulated in the regulated community. "The district court concluded from the undisputed extrinsic evidence, initially introduced during the court's pretrial hearing addressing the

**Page 4  Defendant's Memorandum of Law in Support of ECF 67**

defendants' 12(b) motion to dismiss the indictment, including the HCFA letters, that the sales inducements did not constitute criminal activity in violation of § 1395nn(b)(1)(B), and that the defendants and those similarly situated could not, as a matter of law, have formulated the necessary intent to participate in a criminal act in violation of § 1395nn(b)(1)(B)." *Levin* at 466; *Jensen*, 93 F.3d at 671 (citing to *Levin* in a venue dispute, while noting "the issue presented is legal and can be resolved without interfering with the jury's fact finding role.")

In deciding the Motion, this Court can take "judicial notice of adjudicative facts" if they are not subject to "reasonable dispute" and "are capable of accurate and ready determination by resort to sources whose accuracy cannot be reasonably questioned." FRE 201(a), (b). What is more, a district court "*shall* take judicial notice if requested by a party and supplied with necessary information." FRE 201(d) (emphasis added). The Court should take judicial notice of the relevant sections of SBA publications that were excerpted in the Motion. Those excerpts include statements by the SBA's Administrator, the Federal Register, and the SBA's Standard Operating Procedure [for] Disaster Assistance Program ("SOP 50 39 9"). (ECF 667 at 2-3). There should be no dispute that such statements are reliable, trustworthy, and undisputed.

The *Levin* court explained the defense or doctrine of entrapment by estoppel

**Page 5  Defendant's Memorandum of Law in Support of ECF 67**

this way:

> The United States Supreme Court and several circuit courts have recognized the criminal doctrine of entrapment by estoppel which is based upon fundamental notions of fairness embodied in the Due Process Clause of the Constitution. *See, e.g., United States v. Pennsylvania Indus. Chem. Corp.*, 411 U.S. 655, 93 S. Ct. 1804, 36 L. Ed. 2d 567 (1973); *Cox v. Louisiana*, 379 U.S. 559, 85 S. Ct. 476, 13 L. Ed. 2d 487 (1965); *Raley v. Ohio*, 360 U.S. 423, 79 S. Ct. 1257, 3 L. Ed. 2d 1344 (1959); *United States v. Smith*, 940 F.2d 710 (1st Cir. 1990); *United States v. Tallmadg*e, 829 F.2d 767 (9th Cir. 1987). To determine the availability of the defense, the court must conclude that (1) a government must have announced that the charged criminal act was legal; (2) the defendant relied on the government announcement; (3) the defendant's reliance was reasonable; and, (4) given the defendant's reliance, the prosecution would be unfair. *United States v. Smith*, 940 F.2d 710 (1st Cir. 1990). It is true that, generally, the identified standards involve factual determinations. However, the instant case fails to present that obstacle. From the undisputed operative facts it is apparent that (1) HCFA and its duly designated representatives declared the sales promotion program, which was the predicate for the indictment, to be legal; (2) the appellees relied upon HCFA's announcement; (3) the defendants' reliance was reasonable; and (4) prosecution for violation of the controversial counts of the indictment would be unfair.

*Levin* at 468.

## II. Supplemental Argument.

Like the defendants in *Levin*, Ms. Lucescu did not have to initiate an investigation to reasonably believe that using a federal loan from the SBA to pay

**Page 6  Defendant's Memorandum of Law in Support of ECF 67**

down a federal tax debt to the IRS was lawful.  It was widely known that the SBA was lending to small businesses and their owners to keep the economy rolling during the Covid-19 pandemic.

At bottom, the Motion posits that EIDL money could be used to pay federal tax debt per the SBA's admissions. Whether using EIDL money to pay federal tax is lawful or not is a legal issue that can be determined by the Court as a matter of law and pursuant to Rule 12. If doing so *was* lawful, then the defendant could not, as a matter of law, have formulated the necessary intent to participate in a criminal act.

Dated: April 8, 2026.     Respectfully submitted,

By: _____

Scott L. Mullins, OSB #142504
Mullins Law Office, LLC
1000 SW Broadway St., Suite 2300
Portland, Oregon 97205
Tel.  971-383-1315
Fax  503-525-4833
scott@slmullins.com

*Attorney for Defendant*

**Page 7  Defendant's Memorandum of Law in Support of ECF 67**